## RESPONSIBILITY FOR SAFE TRAVEL OVER ROADS BEING IMPROVED BY STATE AID.

Court of Appeals for Licking County.

JOSEPH BROWNFIELD ET AL v. LEON CLAPHAM.

Decided, March Term, 1916.

*County Commissioners—Liable for Negligence—Resulting in Injury to a Traveler on a Road Reconstructed by State Aid—Section 2405.*

1. A party suing in tort has the right to join or omit to join the different joint tort feasors as parties to his action for damages.
2. The duties of the state highway commissioner with reference to the construction of roads by means of state aid are ministerial or advisory, and the responsibility for keeping in a condition for

safe travel a road undergoing such reconstruction rests upon the county commissioners, and liability arises against them where a traveler over such road who is injured as a result of negligence by the contractors in the prosecution of the work.

*J. W. Horner*, Prosecuting Attorney, and *Fitzgibbon, Montgomery & Black*, for plaintiffs in error.

*Smythe & Smythe*, contra.

POWELL, J.

This action was brought by the next friend of the defendant, Leon Clapham, a minor, to recover damages for personal injuries sustained by him by reason of the alleged negligence of the defendants, the county commissioners of Licking county, Ohio, in the construction of an improved public highway.

The negligence complained of was the stretching of a fence wire across a public road leading from Granville to Newark, and which road was under process of improvement by the construction of a cement track upon said road.

The petition sets out the negligence complained of and the acts out of which the accident grew, and the plaintiff below, now defendant in error, Leon Clapham, was injured.

No question is made as to the injury suffered by the defendant in error, or as to the serious nature of the same.

The plaintiffs in error complain that they are not liable for damages, and urge several reasons why the verdict of the jury, awarding such damages, should be set aside.

The errors charged and insisted upon are:

1. That the contractors who were constructing said improved highway, and who were made defendants to the original petition, had been dismissed from the suit.

2. That the county commissioners are not liable.

3. That the evidence shows contributory negligence on the part of the plaintiff below.

As to the first error complained of, viz: that Gregg and Pletcher, the contractors, had been dismissed from the suit. We think there was no error on the part of the court in such action; that the petition shows that if there was any liability on the

part of Gregg and Pletcher it was because they were joint
tort feasors with the commissioners in the acts out of which
such accident occurred, and that a party suing in tort has the
right to join, or omit to join, the different joint tort feasors
in his action for damages.

It was not necessary to have made Gregg and Pletcher de-
fendants in said action if plaintiff had seen fit to sue the com-
missioners alone, as he had a right to do; and having such right,
we do not think there was error on the part of the court in
dismissing them from the action.

The second alleged ground of error is of more difficulty and of
more importance, viz: that the commissioners of the county were
not liable in damages for the injuries sustained. It is contended
that because the road in question was being improved under the
supervision of the state aid department the liability, if any, for
negligence can not rest against the commissioners, but only
against the state highway commissioner, or parties under him,
having immediate charge of such improvement work.

Section 2408 of the General Code provides for the liability
of county commissioners for acts of negligence in the keeping
of public highways in repair. It is contended that this section
is repealed by implication by the statutes relating to the con-
struction of public roads by means of state aid, or under the
provisions of the state aid statutes. It is not claimed that this
section of the statutes is expressly repealed.

Upon examination of the statutes the court is of the opinion
that the provisions of law relative to the construction of public
highways by means of state aid do not repeal by implication
the authority of the commissioners in the construction, improve-
ment and repair of public roads, nor do such statutes relieve the
commissioners from liability for not keeping the public road
specified in said section in repair. We think that if the acts
complained of constitute negligence on the part of the officers
having charge of such road, and a liability accrues thereunder,
such liability accrues under and by virtue of the provisions
of Section 2408; and while the provisions of the statutes relating
to the construction of roads by state aid requires that the con-

tract for the improvement should be made by the state highway commissioner, yet it must be made with the consent and approval of the county commissioners, and that all the duties required of the state highway commissioner in the construction of such road are duties which are ministerial or administrative and relate wholly to the expert knowledge which such highway commissioner is supposed to have relative to the construction of such roads; that the responsibility for keeping the public roads in repair while such construction work is in process rests wholly with the commissioners, and that it is their duty to provide for safe travel upon the public highways of the county upon state and county roads.

The court is of the opinion that the commissioners are liable for damages in cases of this kind.

It appears from the record that the plaintiff below, who was a minor eighteen years of age, was riding upon a motor-cycle at the time when the accident complained of occurred; that a fence wire had been stretched across the road, which was in process of improvement, as a barricade to prevent travelers passing over the road while the cement, out of which the improvement was made, was green; that the wire was left bare and unguarded and could not be easily seen by travelers upon such highway; that plaintiff, with a friend, both of whom were riding the same motor-cycle, ran into such wire, and by reason thereof the injuries complained of occurred. Was the act of the commissioners, or the contractors who were working under the supervision of the commissioners and the state highway commissioner, in placing such wire across the road, an act of negligence which would render them liable for damages? The court is of the opinion that it was; that a barricade of this kind should not have been placed upon such road without some notice attached thereto that there was such a barricade; that if damages were sustained by reason thereof a liability ensued on the part of the commissioners; and we think that there was such liability in this case.

We think there was no error on the part of the court below which would justify this court, as a reviewing court, in setting aside the verdict and the judgment rendered thereon.

We have examined the record with particular reference to each error assigned on the part of the plaintiff in error, and think that the judgment of the court below should be affirmed.

Judgment affirmed.

SHIELDS, J., and HOUCK, J., concur.